# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOSEPH LOVATO,

    Plaintiff,

vs.                                                                          No. 1:20-CV-00187-KRS

ANDREW SAUL, Commissioner of
Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court upon Plaintiff's Motion to Reverse and Remand (Doc. 22), dated December 2, 2020, challenging the determination of the Commissioner of the Social Security Administration ("SSA") that Plaintiff is not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. The Commissioner responded to Plaintiff's motion on March 4, 2021 (Doc. 26), and Plaintiff filed a reply brief on March 15, 2021 (Doc. 27). With the consent of the parties to conduct dispositive proceedings in this matter, *see* 28 U.S.C. § 636(c); FED. R. CIV. P. 73(b), the Court has considered the parties' filings and has thoroughly reviewed the administrative record. Having done so, the Court concludes that the administrative law judge ("ALJ") erred in his decision and will therefore GRANT Plaintiff's motion and remand this case back to the SSA for proceedings consistent with this opinion.

### I. PROCEDURAL POSTURE

On April 13, 2017, Plaintiff filed an initial application for disability insurance benefits. (*See* Administrative Record ("AR") at 120). Plaintiff alleged that he had become disabled on July 5, 2015, due to pinching spinal nerves, pelvis bone abnormality and degeneration, chronic

arthritis, left anterolater femoral head and neck junction offset, transitional lumbar anatomy, grade 2 spondylolisthesis, bilateral foraminal narrowing with L5 nerve root, and heartburn. (*Id.* at 123). His application was denied at the initial level on September 27, 2017. (*Id.* at 120). Plaintiff requested a hearing (*id.* at 161), which ALJ Bryan Henry conducted on January 8, 2019 (see *id.* at 56). Plaintiff was represented by counsel and testified at the hearing (*id.* at 56, 67-94, 104-05), as did a vocational expert (*id.* at 94-104).

On February 5, 2019, the ALJ issued his decision, finding that Plaintiff was not disabled under the relevant sections of the Social Security Act. (*Id.* at 38-49). Plaintiff requested that the Appeals Council review the ALJ's decision (*id.* at 8-9), and on February 11, 2020, the Appeals Council denied the request for review (*id.* at 1-4), which made the ALJ's decision the final decision of the Commissioner. On March 3, 2020, Plaintiff filed the complaint in this case seeking review of the Commissioner's decision. (Doc. 1).

## II. Legal Standards

### A. Standard of Review

Judicial review of the Commissioner's decision is limited to determining "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016); *see also* 42 U.S.C. § 405(g). If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *See, e.g.*, *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Although a court must meticulously review the entire record, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See, e.g., id.* (quotation omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation omitted); *Langley*, 373 F.3d at 1118 (quotation omitted). Although this threshold is "not high," evidence is not substantial if it is "a mere scintilla," *Biestek*, 139 S. Ct. at 1154 (quotation omitted); "if it is overwhelmed by other evidence in the record," *Langley*, 373 F.3d at 1118; or if it "constitutes mere conclusion," *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005) (quotation omitted). Thus, the Court must examine the record as a whole, "including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan*, 399 F.3d at 1262. While an ALJ need not discuss every piece of evidence, "[t]he record must demonstrate that the ALJ considered all of the evidence," and "a minimal level of articulation of the ALJ's assessment of the evidence is required in cases in which considerable evidence is presented to counter the agency's position." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quotation omitted).

## B. Disability Framework

"Disability," as defined by the Social Security Act, is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The SSA has devised a five-step sequential evaluation process to determine disability. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *Wall v. Astrue*, 561 F.3d 1048, 1051-52 (10th Cir. 2009); 20 C.F.R. §§ 404.1520, 416.920. If a finding of disability or non-disability is directed at any point,

the SSA will not proceed through the remaining steps. *Thomas*, 540 U.S. at 24. At the first three steps, the ALJ considers the claimant's current work activity and the severity of his impairment or combination of impairments. *See id.* at 24-25. If no finding is directed after the third step, the Commissioner must determine the claimant's residual functional capacity ("RFC"), or the most that he is able to do despite his limitations. *See* 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1), 416.920(e), 416.945(a)(1). At step four, the claimant must prove that, based on his RFC, he is unable to perform the work he has done in the past. *See Thomas*, 540 U.S. at 25. At the final step, the burden shifts to the Commissioner to determine whether, considering the claimant's vocational factors, he is capable of performing other jobs existing in significant numbers in the national economy. *See id.*; *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step sequential evaluation process in detail).

### III. THE ALJ'S DETERMINATION

The ALJ reviewed Plaintiff's claim pursuant to the five-step sequential evaluation process. (AR at 39-40). First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (*See id.* at 40). The ALJ then found at step two that Plaintiff suffered from several severe impairments as well as multiple non-severe impairments. (*See id.* at 40-41). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met the criteria of listed impairments under Appendix 1 of the SSA's regulations. (*See id.* at 42-43).

Proceeding to the next step, the ALJ reviewed the evidence of record, including various opinions from medical sources, prior administrative medical findings, and Plaintiff's own subjective symptom evidence. (*See id.* at 43-47). Based on his review of the evidence, the ALJ

concluded that Plaintiff possessed an RFC to perform light work with certain modified physical restrictions. (*See id.* at 43).

Moving to step five, the ALJ found that Plaintiff was unable to perform any past relevant work. (*See id.* at 47). However, relying on the vocational expert's testimony, the ALJ found that Plaintiff had acquired work skills from past relevant work that were transferable to other occupations existing in significant numbers in the national economy. (*See id.* at 48-49). The ALJ therefore concluded that Plaintiff's work was not precluded by his RFC and that he was not disabled. (*See id.* at 49).

## IV. DISCUSSION

Among other things, Plaintiff argues that the ALJ erred by altogether failing to address opinion evidence offered by physical therapist Michael Moore. (*See* Doc. 22 at 20). Because the Court concludes that the ALJ did not follow proper legal standards when he failed to articulate any findings as to the persuasive value of Moore's opinions, the Court does not reach Plaintiff's additional claims of error. *See, e.g.*, *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

Moore subjected Plaintiff to a functional capacity evaluation on January 19, 2017. (*See* AR at 900-51). Along with other findings, Moore concluded that Plaintiff could only occasionally lift up to ten pounds from floor to knuckle or knuckle to shoulder, that he could only occasionally carry up to ten pounds, that he could only lift or carry objects of negligible weight more frequently, and that he can only occasionally sit or stand. (*See id.* at 908). The ALJ ultimately assigned Plaintiff an RFC allowing for less restrictive limitations on lifting, carrying, sitting, and standing without discussing Moore or his opinions. (*See id.* at 43). Plaintiff contends that the ALJ failed to apply the correct legal standards by failing to discuss Moore's opinions. (*See* Doc. 22 at 20); (*see also* Doc. 27 at 3 n.2) ("To be clear, Plaintiff's argument is that the ALJ

5

erred by failing to consider Mr. Moore's opinions at all."). The Commissioner argues that the ALJ signaled his implicit consideration of Moore's opinions when he stated that he considered the record as a whole and when he assessed a prior administrative medical finding that itself relied on those opinions. (*See* Doc. 26 at 16-17).

An ALJ must "review all of the evidence relevant to [a claimant's] claim." *See* 20 C.F.R. § 404.1520b[1]; *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) ("The record must demonstrate that the ALJ considered all of the evidence . . . ."). Although "an ALJ is not required to discuss every piece of evidence" in the record, *see Clifton*, 79 F.3d at 1009-10 (internal citations omitted), recent revisions to SSA regulations single out medical opinions for special treatment. Under the applicable regulation, the SSA states that it "will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record." *See* 20 C.F.R. § 404.1520c(b).[2] These regulations impose three "articulation requirements" when an ALJ considers medical opinion evidence. *See id.* First, "when a medical source provides multiple medical opinion(s)," the ALJ need not articulate how he considered each individual medical opinion; rather, the ALJ "will articulate how [he] considered the medical opinions . . . from that medical source together in a single analysis." *Id.* § 404.1520c(b)(1). Second, while an ALJ must *consider* five factors when evaluating medical opinion evidence, *see id.* § 404.1520c(c)(1)-(5), he is generally only required to *articulate* his consideration of two of those factors: "[W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions . . . in your

---

[1] All references to SSA regulations refer to the most recent versions of those regulations unless otherwise specified.
[2] "A prior administrative medical finding is a finding, other than the ultimate determination about whether [a claimant is] disabled, about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review . . . based on their review of the evidence in [the] case record . . . ." 20 C.F.R. § 1513(a)(5).

determination or decision." *Id.* § 404.1520c(b)(2). Finally, if differing medical opinions are equally well-supported and consistent with the record, the ALJ must then "articulate how [he] considered the other most persuasive factors . . . for those medical opinions." *Id.* § 404.1520c(b)(3). These three articulation requirements do not apply to "evidence from nonmedical sources." *Id.* § 404.1520c(d).

As Plaintiff observes (*see* Doc. 27 at 3), the Commissioner does not dispute Plaintiff's argument that Moore is a medical source whose opinions must be assessed as medical opinions. (*See* Doc. 22 at 20) (citing Moore's opinions as "medical opinions"); *see* 20 C.F.R. § 404.1502(d) (defining "medical source" as "an individual who is licensed as a healthcare worker by a State and working within the scope of practice permitted under State or Federal law"); *id.* § 404.1513(a)(2) (defining "medical opinion" as "*a statement from a medical source* about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations") (emphasis added); (*cf.* Doc. 26 at 9) (using heading "ALJ's Assessment of the Medical Opinions and Prior Administrative Findings" in reference to Plaintiff's arguments concerning Moore and other issues). In fact, while Moore would not have been considered an "acceptable medical source" under a previous version of SSA regulations,[3] the Commissioner himself points out that recent revisions to these regulations have abandoned the earlier hierarchy that distinguished between "acceptable medical sources" and "other medical sources." (*See* Doc. 26 at 11) (citing, *e.g.*, 81 Fed. Reg. 62,560, 62,562 (Sept. 9, 2016)). In light of these revisions and the Commissioner's failure to argue to the contrary, the Court agrees with the analysis of Honorable Gregory J. Fouratt, United States Magistrate Judge, who concluded that a licensed physical therapist such as Moore qualifies as a "medical source" and that the

---

[3] *Cf.* 20 C.F.R. § 404.1513(a)(1)-(5) (2013) (listing acceptable medical sources).

7

standards stated in § 404.1520c(b) apply to the consideration of such a source's opinions regarding impairments:

> Under the regulations governing claims filed before March 27, 2017, [the physical therapist's] opinion would not be considered a "medical opinion." Under the present regime, however, a medical opinion is a "statement from a medical source about what [a claimant] can do despite [his or her] impairment(s) and whether [he or she] ha[s] one or more impairment-related limitations or restrictions" in listed work-related abilities. 20 C.F.R. § 404.1513(a)(2)(i)-(iv) (2017). Medical sources are individuals who are "licensed as a healthcare worker by a State and working within the scope of practice permitted under State or Federal law." 20 C.F.R. § 404.1502(d). Because [the source] is licensed physical therapist and therefore a medical source, her opinion is a "medical opinion." *Id.*

*Baca v. Saul*, No. 20-cv-00225 WJ/GJF, 2021 WL 1390776, at *8 (D.N.M. Apr. 13, 2021) (footnote omitted), *PFRD adopted*, 2021 WL 1753947 (D.N.M. May 4, 2021).

Because it is undisputed that Moore is a "medical source" whose opinions constituted "medical opinions," "the ALJ was required to evaluate [Moore's] opinion under the current rubric set forth by 20 C.F.R. § 404.1520c." *See id.* That means that the ALJ was expressly required to "articulate how [he] considered [Moore's] medical opinions," 20 C.F.R. § 404.1520c(b)(1), by at minimum "explain[ing] how [he] considered the supportability and consistency factors for [Moore's] medical opinions," *see id.* § 404.1520c(b)(2). However, the ALJ did not make any mention of Moore's medical opinions at all, let alone "articulate how [he] considered [those] medical opinions" using the relevant factors. *See id.* § 404.1520c(b)(1). Accordingly, the ALJ failed to apply the correct legal standards, and remand is required.

The Commissioner resists this conclusion by pointing to the ALJ's blanket statement that he "considered the medical opinion(s)" of record "in accordance with the requirements of 20 CFR 404.1520c." (AR at 43); (*see also* Doc. 26 at 16) (citing AR at 43) ("[Plaintiff's] argument fails because the ALJ stated that he considered the record as a whole in determining Plaintiff's RFC."). However, even a cursory review of the ALJ's decision shows that he did *not* consider

Moore's medical opinions in accordance with 20 C.F.R. § 404.1520c, because that regulation imposes unambiguous "*articulation* requirements" as to the persuasiveness of "*all of the medical opinions* . . . in [the] case record." 20 C.F.R. § 404.1520c(b) (emphasis added). Needless to say, the ALJ's wholesale failure to mention Moore's medical opinions does not satisfy the "articulation requirements" that mandate a discussion of the persuasive value of each medical source's medical opinions pursuant to the relevant factors. *See id.*

The Commissioner adds that the ALJ was not "required to recite all of the medical evidence in the 1287 page transcript when summarizing the opinion evidence." (Doc. 26 at 16-17) (citing, *e.g.*, *Wall v. Astrue*, 561 F.3d 1048, 1067 (10th Cir. 2009)). Although the Commissioner's sentiment is broadly correct, it is misapplied here because the revised regulations straightforwardly provide that ALJs "will articulate in [their] determination or decision how persuasive [they] find all of the medical opinions . . . in [the] case record." 20 C.F.R. § 404.1520c(b). While the ALJ need not articulate the persuasiveness of each *individual* medical opinion in the administrative record, he must articulate the persuasiveness of each medical source's medical opinions, considered in aggregate. *See id.* § 404.1520c(b)(1); *see also, e.g.*, *Tammi F. v. Saul*, Civ. A. No. 20-1079-JWL, 2020 WL 7122426, at *4 (D. Kan. Dec. 4, 2020) ("The regulation explains that the decision will articulate how persuasive the SSA finds all medical opinions and prior administrative medical findings. The articulation requirement applies for each source, but not for each opinion of that source separately.") (internal citations omitted). In failing to address Moore's opinions at all, the ALJ did not satisfy this standard.

The Commissioner also contends that the ALJ was somehow relieved of the obligation to discuss the persuasive value of Moore's opinions because the ALJ's decision addressed a prior administrative medical finding by a state agency physician that itself discussed Moore's

opinions. (*See* Doc. 26 at 17) (citing, *e.g.*, AR at 46-47, 128). But if the Court accepted the Commissioner's argument, this would result in a gaping loophole that would quickly swallow the express language of § 404.1520c. Recall that the "articulation requirements" of that regulation apply to both "medical opinions" and "prior administrative medical findings" in equal fashion. *See* 20 C.F.R. § 404.1520c(b). But by definition, all prior administrative medical findings will include "a review of the evidence in [the] case record," including a review of the medical evidence. *See* 20 C.F.R. § 404.1513(a) (defining "prior administrative medical finding"). Therefore, under the Commissioner's reasoning, an ALJ could satisfy the regulations' requirement to articulate the persuasive value of "all of the medical opinions" in the record by simply citing to the prior administrative medical findings in the record, *without ever engaging in a source-level articulation of the persuasiveness of the medical opinions themselves*. Such an interpretation would effectively eliminate the revised regulations' "articulation requirements" insofar as they explicitly apply to medical opinions. The Court will not accept the Commissioner's invitation to rewrite the regulations in this manner.

Finally, the Commissioner suggests that the ALJ would not have found Moore's opinions to be persuasive because they were "not entirely consistent" with the restrictions assessed by Plaintiff's treating physician. (*See* Doc. 26 at 17). But "[a]ffirming this post hoc effort to salvage the ALJ's decision would require [the Court] to overstep [its] institutional role and usurp essential functions committed in the first instance to the administrative process." *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004). Rather than speculating as to how the ALJ would have articulated his findings as to the consistency of Moore's opinions with the other medical evidence of record, the Court concludes that the appropriate remedy here is to remand this action so that the ALJ may do so in the first instance as required by 20 C.F.R.

§ 404.1520c(a)-(c). Accordingly, the Court concludes that Plaintiff's motion is due to be granted and that remand is required so that the ALJ may properly evaluate Moore's opinions pursuant to the governing legal standards.

## V. Conclusion

The ALJ erred in his review of Plaintiff's application for disability insurance benefits by failing to articulate the persuasiveness of all medical opinions as required by 20 C.F.R. § 404.1520c. Accordingly, Plaintiff's Motion to Reverse and Remand (Doc. 22) is **GRANTED**, and the Court remands this case back to the SSA for proceedings consistent with this opinion.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**