IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH LOVATO,

      Plaintiff,

v.                                                                                                          No. 20-cv-187-KRS

KILOLO KIJAKAZI, *Acting Commissioner*
*of the Social Security Administration*,

      Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)**

THIS MATTER is before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 35), dated January 19, 2023. In her response brief, the Commissioner declined to take a position as to the Motion, and indicated that she defers to the Court's discretion as to the reasonableness of the § 406(b) fees requested. (*See* Doc. 36 at 2). Being fully advised in the premises, the Court finds that Plaintiff's Motion (Doc. 35) will be granted.

    **A. Background**

In April 2017, Plaintiff filed an application for disability insurance benefits. (Administrative Record[1] (AR) at 120, 230–36). After the Social Security Administration ("SSA") denied his claim initially (*id*. at 152–60), Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ") on the merits of his application (*id*. at 56, 161–62). The ALJ issued an unfavorable decision on February 5, 2019 (*id*. at 35–49), and Plaintiff requested review by the Appeals Council (*id*. at 8–9). The Appeals Council denied Plaintiff's request on February 11, 2020. (*Id*. at 1–4).

---

[1] Doc. 19 comprises the sealed Administrative Record. The Court cites the Administrative Record's internal pagination, rather than CM/ECF document number and page.

1

Plaintiff's counsel, Benjamin E. Decker, indicates that his firm, Decker Griffel, LLC (fka Decker Law Office), began representing Plaintiff in March 2020. (*See* Doc. 35-3). Mr. Decker filed the instant federal appeal on Plaintiff's behalf on March 3, 2020. (*See* Doc. 1). Plaintiff filed his motion to reverse and remand on December 2, 2020, to which the Commissioner filed a response in opposition and Plaintiff filed a reply. (*See* Docs. 22, 26, 27). On July 9, 2021, the Court granted Plaintiff's motion and remanded the case back to the SSA for further administrative proceedings. (*See* Doc. 30). Thereafter, this Court awarded Plaintiff fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $4,900.00. (Doc. 33).

Following remand, an ALJ issued a fully favorable disability determination and awarded Plaintiff full disability benefits from February 2016 forward, with past-due benefits in an amount totaling $51,448.00 and continued monthly benefits in the amount of $1,598.00. (*See* Docs. 35-1, 35-2). The SSA withheld 25 percent of the past-due benefits, or $12,862.00, leaving that portion available to cover fees that might be due to Plaintiff's representative. (*See* Doc. 35-2 at 1).

In the Motion, Mr. Decker requests that he be awarded attorney's fees in the amount of $12,862.00 -- the full amount withheld by the SSA -- for 24.5 hours of work he expended in representing Plaintiff before this Court. (*See* Doc. 35 at 3, 5). In support of his request, Mr. Decker has submitted the fee agreement Mr. Lovato signed on March 3, 2020. (*See* Doc. 35-3).

**B. Analysis**

A court may award fees under § 406(b) when, as here, "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). "The tenor of § 406(b) is permissive rather than mandatory." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971). "It says that the court may make such an award, not that such an award shall be

made." *Id.* Traditionally, an award of attorney fees is a matter within the sound discretion of the court. *Id*.

Section 406(b) does impose some guidelines, however, permitting only "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid *out of* past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933–34 (10th Cir. 2008). If fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id*. at 934.

As Plaintiff acknowledges in his Motion, the United States Supreme Court, in *Gisbrecht v. Barnhart*, rejected the lodestar method for calculating § 406(b) attorney fees for Social Security disability cases. (Doc. 35 at 4 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)). The lodestar method involves multiplying the number of hours reasonably devoted to a case by the reasonable hourly fee. *Gisbrecht*, 535 U.S. at 798–99. The Court explained that Congress designed § 406(b) "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." *Id*. at 793. Courts, however, are still charged with reviewing fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 807. In short, § 406(b) imposes a 25-percent-of-past-due-benefits limitation on fees as a ceiling, rather than as a standard to substantiate reasonableness. *Id*.

The reasonableness of § 406(b) fees is determined largely by "the character of the representation and the results the representative achieved." *Id*. at 808 (citations omitted). Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionally large in comparison to the amount

3

of time spent on the case. *See id*. Ultimately, Plaintiff's attorney has the burden of showing that the fee sought is reasonable. *Id*. at 807 ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."). In addition to a record of the number of hours spent representing a claimant in federal court, a court may also require an attorney to submit a statement of her normal hourly billing rate for non-contingency fee cases. *Id*.

In the context of a § 406(b) fee request, the court's first inquiry is whether the fee agreement between the claimant and his attorney meets § 406(b) guidelines. Although § 406(b) does not prohibit contingency fee agreements, it does render them unenforceable to the extent that they provide fees in excess of 25 percent of the past-due benefits. *Id*. at 807. Here, the subject contingency agreement between Plaintiff and his attorney provided that if Plaintiff was "awarded benefits by the Social Security Administration following remand ordered by the court in [his] case in which [his] attorney represented [him], [he] agree[d] to pay [his] attorney twenty-five percent (25%) of [his] and [his] family's past-due benefits." (Doc. 35-3). Thus, on its face, Plaintiff's fee agreement meets § 406(b)(1)'s guideline of not exceeding 25 percent of the past-due benefits.

Still, § 406(b) requires the Court to act as "an independent check" to ensure that fees are reasonable. *Gisbrecht*, 535 U.S. at 807. Applying the factors outlined in *Gisbrecht*, the Court finds that Mr. Decker achieved a fully favorable result for Plaintiff in this case, resulting in a significant past-due payment as well as a continuing monthly award. (*See* Docs. 35-1, 35-2). Moreover, the Court cannot say that Mr. Decker was responsible for any delay in the resolution of this case. The instant Motion was filed just over a month after Plaintiff received notice of entitlement to past-due benefits. (*Compare* Doc. 35 *with* Doc. 35-2).

An attorney's experience is another relevant factor when considering a § 406(b) fee request. *See Gordon v. Astrue*, 361 F. App'x 933, 935–36 (10th Cir. 2010) (noting that in addition to the *Gisbrecht* factors, the trial court also considered the factors established by the Seventh Circuit in *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989), which include the attorney's experience). Mr. Decker has been practicing law since 2008, and dedicates a significant portion of his practice to representing social security claimants in federal court. (Doc. 35-2 at 2, 5). The Court additionally finds that Mr. Decker's representation of Plaintiff in this case was more than adequate. His Motion to Reverse and Remand was thorough and persuasive. (*See* Doc. 23).

Lastly, the Court considers whether the requested fee is disproportionally large in comparison to the amount of time spent on the case. Mr. Decker's time sheets indicate that he expended 24.5 hours representing Plaintiff in federal court in this matter. (Doc. 35-4). As such, his request of $12,862.00 in fees translates to an hourly rate of $524.98, which is in line with other § 406(b) fees recently authorized in this District and by the undersigned. *See, e.g.*, *Parraz v. Kijakazi*, No. 2:19-cv-0904 LF, 2022 WL 1471495, at *4 (D.N.M. May 10, 2022) ($524.96 per hour); *Saavedra v. Saul*, No. 1:19-cv-0644 KRS, 2021 WL 1720904, at *2 (D.N.M. Apr. 30, 2021) ($566.66 per hour); *Casas v. Kijakazi*, No. 1:19-cv-1154 KRS, 2022 WL 832500, at *2 (D.N.M. Mar. 21, 2022) ($567.60 per hour); *Torrence v. Saul*, No. 18-cv-0934 SCY, 2020 WL 6196173, at *2 (D.N.M. Oct. 22, 2020) ($597.61 per hour). Considering all of the *Gisbrecht* factors and noting the Supreme Court's position that the effective hourly rate is *not* the deciding factor, the Court is satisfied that the requested fee is not so "large in comparison to the amount of time [Mr. Decker] spent on the case [such that] a downward adjustment is . . . in order." *See Gisbrecht*, 535 U.S at 808. Accordingly, the Court authorizes the § 406(b) fees as requested in Plaintiff's motion.

Because Mr. Decker will have secured both EAJA and § 406(b) fees, he must refund to Plaintiff the amount of the smaller fee, which in this case is the EAJA fee of $4,900.00.

### C. Conclusion

IT IS ORDERED that Plaintiff's Motion (Doc. 35) is GRANTED. Plaintiff's counsel is thus authorized attorney fees under 42 U.S.C. § 406(b) in the amount of $12,862.00, payable to Benjamin E. Decker.

IT IS FURTHER ORDERED that Plaintiff's counsel shall directly refund to Plaintiff the $4,900.00 in EAJA fees.

IT IS SO ORDERED.

                                                **KEVIN R. SWEAZEA**
                                                **UNITED STATES MAGISTRATE JUDGE**